IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HEIRS OF TIMETEO KEAWE, | ) | CIVIL NO. 11-00396 ACK-RLP |
| | ) | |
| Plaintiff(s), | ) | FINDINGS AND RECOMMENDATION |
| | ) | THAT PLAINTIFF'S APPLICATION TO |
| vs. | ) | PROCEED WITHOUT PREPAYMENT OF |
| | ) | FEES BE DENIED |
| | ) | |
| EDMUND OLSON TRUST II, ET AL., | ) | |
| | ) | |
| Defendant(s). | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S APPLICATION TO
PROCEED WITHOUT PREPAYMENT OF FEES BE DENIED[1]

On June 20, 2011, Plaintiff Abel Simeona Lui ("Plaintiff") filed a Notice to Federal Court for Removal ("Removal Notice"), which sought to remove Case Nos. 3RC11-1-131K and 3RC11-1-195K from Hawaii State Court[2] to the this Court, the United States District Court for the District of Hawaii.  On the same day, this Court issued a Deficiency Order advising Plaintiff that he must either pay the statutory filing fee of $350.00 or

---

[1] Within fourteen (14) days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court.  A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation.  If no objections are filed, no appellate review will be allowed.

[2] Although Plaintiff does not specify which Hawaii State Court the cases are currently pending in, it appears from the Removal Notice that at least one case is before the Honorable Joseph P. Florendo, Jr., who is a District Court Judge for the District Court of the Third Circuit, State of Hawaii.

submit an *in forma pauperis* ("IFP") application within thirty days. On July 22, 2011, Plaintiff filed the instant IFP Application to Proceed in District Court Without Prepaying Fees or Costs ("Application").

The Court finds this matter suitable for disposition without a hearing pursuant to LR 7.2(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii. Based on the following, and after careful consideration of Plaintiff's Application and Removal Notice, the Court HEREBY FINDS AND RECOMMENDS that Plaintiff's Application be DENIED.

ANALYSIS

Federal courts may authorize the commencement or prosecution of any suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees pursuant to 28 U.S.C. § 1915(a)(1). "[A]n affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. Du Pont de Nemours & Co., Inc., 335 U.S. 331, 339 (1948) (quotations omitted); see also United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981) (quotations omitted) (the affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty").

However, the court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening

2

and order the dismissal of any claim it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails to state a claim); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (holding that the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners).

Upon review of Plaintiff's Removal Notice, the Court discovered that Plaintiff failed to include a copy of his Hawaii State Court complaints.[3] Pursuant to 28 U.S.C. § 1446, which governs the procedure for removal,

> A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within such action is pending a notice of removal . . . together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

---

[3] Plaintiff attached an Amended Order Granting Defendant's Motion to Correct/Consolidate Case, issued on February 9, 2005, by the Honorable Glenn S. Hara in CR Nos. 04-1-0449 and 05-1-004 in the Circuit Court of the Third Circuit, State of Hawaii. However, Plaintiff failed to explain, and the Court cannot determine from the face of the Amended Order, how it is related to Case Nos. 3RC11-1-131K and 3RC11-1-195K or the instant action.

28 U.S.C. § 1446(a).[4]  Due to Plaintiff's failure to file his complaints, the Court is unable to properly screen his claims, as 28 U.S.C. § 1915(e)(2)(B) requires.  Therefore, the Court finds that Plaintiff's Application should be denied.

CONCLUSION

In accordance with the foregoing, the Court HEREBY FINDS AND RECOMMENDS that Plaintiff's Application to Proceed Without Prepayment of Fees, filed July 22, 2011, be DENIED.  If Plaintiff wishes to proceed with this action, he must file a copy of all process, pleadings, and orders served upon him in the cases he wishes to remove to this Court within thirty (30) days from the date this Order and Findings and Recommendation is acted upon.  Failure to do so will result in the automatic dismissal of this action.

IT IS SO FOUND AND RECOMMENDED.

DATED: HONOLULU, HAWAII, JULY 26, 2011.

_____
Richard L. Puglisi
United States Magistrate Judge

HEIRS OF TIMOTEO KEAWE V. EDMUND OLSON TRUST II; CIVIL NO. 11-00396 ACK-RLP; FINDINGS AND RECOMMENDATION THAT PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES BE DENIED

---

[4] Although the removal statute specifies that it is a procedure for defendants, the Court declines to address Plaintiff's entitlement to removal at this time.