IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Edmund C. OLSON, Trustee of the Edmund C. Olson Trust No. 2, u/a dated August 21, 1985, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Civ. No. 11-00396 ACK-RLP ) |
| Abel LUI, et al., | ) ) |
| Defendants. | ) ) |

| | |
|---|---|
| COUNTY OF HAWAIʻI, a municipal corporation of the State of Hawaiʻi, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Civ. No. 11-00614 ACK-RLP ) |
| Abel LUI, et al., | ) ) |
| Defendants. | ) ) |

ORDER REMANDING CASES

I. FACTUAL AND PROCEDURAL BACKGROUND[1]

These removal actions involve land on the Island of

Hawaiʻi.  Plaintiffs each filed ejectment actions against

_____

[1] The facts as recited in this order are for the purpose of disposing of this motion and are not to be construed as findings of fact or conclusions of law that the parties may rely on in future proceedings.

-1-

Defendants in the District Court of the Third Circuit, State of Hawaiʻi. That court granted summary judgment in favor of each of the Plaintiffs and against Defendants. Defendants filed notices of appeal. After that, Defendants filed a notice of removal in this Court. (ECF No. 1). The notice of removal was filed on June 20, 2011.

Defendants allege that they have resided on the land at issue for more than twenty years, and claim to have inherited ownership rights in the land from their ancestor, Timoteo Keawe. Both Plaintiffs claim to own their respective parcels of land. The Olson Trust intends to convey its land to the County so the County can create a public park. The transaction between the Olson Trust and the County is currently set to close at the end of this month.

The land at issue has been the subject of several previous actions. In 1986, Rhoda and Eliza Simeona, relatives of certain of the Defendants, filed a complaint in this district court, claiming title to the land at issue. The case number was Civ. No. 86-1083. The complaint was dismissed for lack of prosecution in May 1987, but the plaintiffs nonetheless declared themselves victorious, and filed a $2.5 million judgment lien in their favor with the State of Hawaiʻi's Bureau of Conveyances.[2]

_____

[2] That judgment lien is one of several items that the Olson Trust has sought to expunge in another action pending before this
(continued...)

-2-

In 1988, Thomas M. Okuna, the predecessor in interest to both Plaintiffs, obtained a Decree Quieting Title in his favor. (Olson Am. Mot. Ex. 1.)[3/] The decision in that case "Ordered, Adjudged and Decreed" that Okuna "is the owner in fee simple absolute" of several parcels of land, including those involved with these actions. (Id.)

In 2002, Okuna obtained a Judgment of Ejectment against Defendant Abel Lui, among others, and the state court issued a Writ of Possession in Okuna's favor. (Id. Exs. 2-3.) For whatever reason, this writ was never executed, and Defendants remained on the land. At one point, Lui was convicted for criminal trespass on the land, and his conviction was affirmed on appeal to the Intermediate Court of Appeals. (Id. Ex. 4.)

These actions followed. The Olson Trust's ejectment action was numbered 3RC11-1-195K in the state court, and is numbered 11-00396 ACK-RLP in this Court. Lui was served with the complaint in the Olson Trust action on March 22, 2011. (Id. Ex. 6.) The County's ejectment action was numbered 3RC11-1-131K in the state court, and is numbered 11-00614 ACK-RLP in this Court. Lui was served on March 7, 2011, in that action. (County Mot.

---

[2/] (...continued)
Court, Civ. No. 10-00691 ACK-RLP.

[3/] Many copies of the documents described in this section have been filed in this matter. The parties should ascribe no meaning to the Court's citation of the copies that happen to be attached to the Olson Trust's motion.

Ex. H.)  Both plaintiffs' motions for summary judgment were granted on June 15, 2011.  (Olson Am. Mot. Ex. 8; County Mot. Ex. F.)  The basis for the grant of summary judgment was that the plaintiffs' rights in the land, and Defendants' lack of interest in the land, had been conclusively established by previous decisions, including the 1998 Decree Quieting Title and the 2002 Judgment of Ejectment.  (Id. at 3-4.)

Defendants filed notices of appeal in the state actions the day after summary judgment was granted.  (Olson Am. Mot. Ex. 9; County Mot. Ex. H.)  Defendants then filed a single notice of removal in this Court four days later, on June 20, 2011.  (ECF No. 1.)[4/]  Although the certificate of service attached to that notice indicated that a copy had been mailed to the state court, no notice of removal appears on either the state district court's or the ICA's docket.

The Olson Trust obtained a writ of possession based on the summary judgment in its favor on July 11, 2011.  (Olson Am. Mot. Ex. 12.)  The writ has not yet been executed, and the Olson Trust has indicated that it has no plans to attempt to have the writ executed before the transaction between the Olson Trust and the County closes.  The County has also indicated that it will

_____

[4/] The notice of removal incorrectly attempted to remove the two separate state ejectment actions into a single federal action, and also incorrectly captioned Defendants as Plaintiffs. The Court corrected these errors in a Case Management Order. (ECF No. 39.)

not seek to have Defendants ejected until after the transaction closes; it has not yet obtained a writ of possession.

Defendants did not attempt to obtain supersedeas bonds pending the appeals from the summary judgments against them, but they did file a separate notice of appeal from the grant of the writ of possession. That notice was filed in the state ICA on August 25, 2011, months after Defendants filed a notice of removal in this Court. (Id. Ex. 14.)[5]

In this action, the Olson Trust filed a Motion to Dismiss for Improvident Removal and for Sanctions on September 20, 2011. (ECF No. 18.) In that motion, among other things, the Olson Trust argued that Defendants' removal of the case was untimely under 28 U.S.C. § 1446(b). The Olson Trust also argued that the Court may not have subject matter jurisdiction over the matter. The motion was set for hearing in January. (ECF No. 19.) Because of the questions raised concerning the Court's jurisdiction, Magistrate Judge Puglisi stayed the case pending resolution of the Trust's motion. (ECF Nos. 21, 24.)

On the same day that the case was stayed (after the conference at which Judge Puglisi told the parties that the case was stayed but before he issued his written order), Abel Lui and Han Phua filed a "Motion for Preliminary Injunction on

---

[5] The caption on the second notice of appeal references the state district court, but the notice is stamped as having been filed in the ICA.

Defendants' Defective Title in Execution of Sub-Grant Request to Pass USFWS Funds to Acquire Fee Title," seeking immediate relief.[6/] (ECF Nos. 22.) On the same day, Shelley Stephens filed a "(Non)-Hearing Motion for T.R.O. Restraining Order against Ed Olson Trust and Associates." (ECF No. 23.) Although these documents were arguably filed in violation of the stay, the Court issued an order setting a hearing date of October 13, 2011, since they both requested immediate relief. (ECF No. 32.) In that order, the Court gave both the Olson Trust and the County an opportunity to respond to the documents and asked that all parties be prepared to address certain matters at the hearing. (Id.)

On October 11, 2011, before the hearing on Defendants' motion, the Olson Trust filed an Amended Motion to Dismiss for Improvident Removal and for Sanctions. (ECF No. 34.) In this motion, the Olson Trust presented additional grounds for remand. On the same day, the County filed a Memorandum in Opposition to Plaintiffs' Motion for Preliminary Injunction and Restraining Order. (ECF No. 36.)

At the hearing, with the agreement of all parties, the Court decided to construe both the Olson Trust's and the County's

---

[6/] At the time Defendants filed this motion, the case caption had not yet been corrected, and so Defendants considered themselves as plaintiffs and considered the Olson Trust a defendant.

filings as motions to dismiss, or in the alternative, to remand the cases to state court. The Court also informed the parties of its inclination to deny the motions for injunctive relief, but stated that it would not issue a ruling on those motions until after it determined whether the cases had been properly removed. The Court advanced the hearing on the Olson Trust's previously filed motion and set that motion, along with the new motions, for hearing on October 25, 2011, giving Defendants seven days to file any additional opposition. By advancing the hearing, the Court ensured that if it had jurisdiction, and if the cases had been properly removed, then it could act on the motions for injunctive relief before the transaction between the Olson Trust and the County closed.

## II. DISCUSSION

As discussed in more detail below, the Court will remand both cases to the state court. The Court lacks subject matter jurisdiction over the County ejectment action. The Court has diversity jurisdiction over the Olson Trust action, but nonetheless remands the case because, <u>inter alia</u>, the notice of removal was untimely under 28 U.S.C. § 1446(b), and the case is unremovable under the forum defendant rule set forth in 28 U.S.C. § 1441(b).

### A.      Subject Matter Jurisdiction

#### 1.       Federal Question Jurisdiction

Under the "well-pleaded complaint" rule, there is no federal question jurisdiction over a complaint "unless the plaintiff's complaint establishes that the case 'arises under' federal law." Franchise Tax Bd. v. Constr. Laborers Vacation Trust for Southern California, 463 U.S. 1, 10 (1983). "The well-pleaded complaint rule applies to the original jurisdiction of the district courts as well as to their removal jurisdiction." Id. at 10 n.9.

The state ejectment actions involve state law property rights. There is no federal question raised in either complaint. (See ECF Nos. 34-8, 36-6.) The actions therefore do not arise under federal law, and this Court lacks federal question subject matter jurisdiction over them under 28 U.S.C. § 1331.

To the extent that Defendants have attempted to raise questions of federal law that apply to these cases, those questions are in the nature of defenses. The complaints themselves are state actions governed by state law, and do not arise under federal law.

## 2.        Diversity Jurisdiction

The analysis of this question differs between the two state-court ejectment actions. For a Court to have diversity jurisdiction under 28 U.S.C. § 1332, there must be complete diversity between the parties. The Court lacks diversity jurisdiction over the County ejectment action because both the

County and Defendants are citizens of Hawai'i. The Court must therefore remand the County ejectment action. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). The County ejectment action, which is Civ. No. 11-00614 ACK-RLP in this Court and No. 3RC11-1-131K in the state court, is REMANDED.[7]

On the other hand, it appears that the Court does have diversity jurisdiction over the Olson Trust ejectment action. The Olson Trust is correct that the notice of removal as filed does not allege the parties' citizenship or the amount in controversy, but this defect could be cured with a simple amendment. That the parties are diverse, and the amount in controversy sufficient, seems evident. Indeed, in another case pending before this Court, Olson v. Lui, Civ. No. 10-00691 ACK-

_____

[7] The Court recognizes that the lack of a filing of a copy of the notice of removal with the state court casts doubt over whether removal of the cases to this Court has ever been completely effected. The Court nonetheless presumes that it has the power to remand a case even before a copy is filed in state court. Otherwise, a court might occasionally be unable to fulfill its sua sponte duty under § 1447(c) to remand cases over which it lacks subject matter jurisdiction. Cf. Koerner v. Aetna U.S. Healthcare, Inc., 92 F. App'x 394, 395 (9th Cir. 2003) (unpublished) ("Procedural requirements for removal, such as the timely filing of the notice of removal, are 'formal and modal' not jurisdictional.") (quoting Fristoe v. Reynolds Metals Co., 615 F.2d 1209, 1212 (9th Cir. 1980)); Jackson v. City of New Orleans, Civ. A. No. 95-1340, 1995 WL 599046, at *1 (E.D. La. Oct. 10, 1995) (remanding where the defendant had failed to provide notice of removal to the state court).

-9-

RLP, which involves the same parties and the same land, the Olson Trust has asserted that the Court has diversity jurisdiction.

### 3.        **Rooker-Feldman**

The Olson Trust has suggested that the Court lacks subject matter jurisdiction over this case pursuant to the Rooker-Feldman doctrine.  In 2005, the Supreme Court discussed the boundaries of that doctrine, stating as follows: "The Rooker-Feldman doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).  The Court noted that "in the lower courts, the doctrine has sometimes been construed to extend far beyond the contours of the Rooker and Feldman cases, overriding Congress; conferral of federal-court jurisdiction concurrent with jurisdiction exercised by state courts, and superseding the ordinary application of preclusion law pursuant to 28 U.S.C. § 1738."  Id. at 283.  The Court remarked that it had only invoked the doctrine twice, namely in Rooker and Feldman.  Id.

The Supreme Court in Exxon emphasized the "narrow ground occupied by Rooker-Feldman."  Id.  In both Rooker and Feldman, "the losing party in state court filed suit in federal

court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment.'"  <u>Id.</u> at 291.  In contrast, the instant cases involve the removal to this Court of two state court ejectment actions; which removal, in effect, attacks the summary judgments entered in those actions.

There appears to be no question that the Olson Trust could have originally brought its ejectment action in this Court under the Court's diversity jurisdiction; in any event, it would not have been barred by <u>Rooker-Feldman</u>.  Likewise, it does not appear that the <u>Rooker-Feldman</u> question would ever have arisen in this case had Defendants filed a timely notice of removal before summary judgment had been entered against them.

The question becomes whether <u>Rooker-Feldman</u> should apply now, even if it would not have applied if Defendants had given a timely notice of removal prior to the state court judgment.

While this Court reads <u>Exxon</u> to confine the <u>Rooker-Feldman</u> doctrine to cases filed in federal court in which the complaint, in effect, attacks a state court judgment (as occurred in <u>Feldman</u> and <u>Rooker</u>); it acknowledges that <u>Exxon</u> did not address that specific question.  And a number of courts (including the Ninth Circuit, albeit in an unpublished decision, and the Seventh and Eleventh Circuits) have indicated that the

doctrine might also apply to removal cases.  On the other hand, the Court has not found any decisions supporting its narrow reading of <u>Exxon</u>.

The Olson Trust cites <u>Foster v. KNTV Television, Inc.</u>, No. 10-15031, 2011 WL 2836286 (9th Cir. July 19, 2011) (unpublished), but in that case the plaintiff attempted to remove her own case from state court to federal court.  <u>Id.</u> at *1. "Foster, as the plaintiff in the state court action, was completely barred from removing the action to federal court." <u>Id.</u>  As a second reason for dismissal, the court stated that Foster "sought to bring a <u>de facto</u> <u>Rooker-Feldman</u> appeal . . . ." <u>Id.</u>  But the court's discussion of <u>Rooker-Feldman</u> was unnecessary to its decision, given that Foster was barred from removing the case no matter whether <u>Rooker-Feldman</u> applied.  Moreover, the discussion of <u>Rooker-Feldman</u> in <u>Foster</u> cited only cases that predated the Supreme Court's clarification of the doctrine in <u>Exxon</u>, and <u>Foster</u> expressly states that it "is not precedent." <u>Id</u>.

The Seventh Circuit, in <u>Bergquist v. Mann Bracken</u>, 592 F.3d 816 (7th Cir. 2010), a class action suit removed from state court, ruled that Bergquist, who was not the party who removed the case, "seeks relief on behalf of persons who lost in state court when judges confirmed arbitral awards adverse to their interests.  Bergquist wants those decisions vacated, which would

indeed be incompatible with the Rooker-Feldman doctrine." Id. at 819. The court concluded that Bergquist did not have a claim typical of such state-court losers and that the class should be re-defined to eliminate them and thus avoid any Rooker-Feldman problem and resulting need for a partial remand.

The Eleventh Circuit, in Brown v. R.J. Reynolds Tobacco Co., 611 F.3d 1324, in an appeal from an order that applied to 3,200 cases removed from state court and another 661 cases originally filed in federal court, held that the Rooker-Feldman doctrine was not applicable since it only applies when the federal plaintiff is the "state-court loser." Id. at 1330 n.5.

The Court is aware of some other removal cases that have mentioned Rooker-Feldman as a ground for remand, but in most of those cases, like Foster, the Rooker-Feldman discussion appears to have been unnecessary to the decisions.[8]

---

[8] See, e.g., Switzer v. Bosserman, No. 5:11-cv-00002, 2011 WL 134683, at *1 (W.D. Va. Jan. 14, 2011) (order remanding a case that was untimely removed) ("To the extent that Switzer intended his filing to constitute a complaint in a separate action for relief, he is barred from bringing such a claim by the Rooker-Feldman doctrine."); Landeron, LLC v. Campos, No. 1:11-cv-00475 LJO JLT, 2011 WL 2038625, at *2 (E.D. Cal. May 24, 2011) (F&R to remand in a case that appears to have been untimely removed and over which both federal question jurisdiction and diversity jurisdiction appear to have been lacking) ("Defendants assert the state court proceedings were improper, and seek relief from the judgment entered by the state court . . . . Thus, Defendants seek federal court review of the state court judgment."); Richardson v. Richardson, Civ. Action No. 08-1671, 2008 WL 2355050, at *3 (E.D. La. June 5, 2008) (order remanding in a case where there was no federal question jurisdiction) ("[I]n reading
(continued...)

If the Court were to retain this case, it would be required to adopt the state-court's summary judgment as its own. See Jenkins v. Commonwealth Land Title Ins. Co., 95 F.3d 791, 795 (9th Cir. 1996) ("The longstanding principle is that '[a]fter removal, the federal court takes the case up where the State court left it off.'") (quoting Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty., 415 U.S. 423, 436 (1974)); see also Butner v. Neustadter, 324 F.2d 783, 785-86 (9th Cir. 1963) ("The federal court takes the case as it finds it on removal and treats everything that occurred in the state court as if it had taken place in federal court. Therefore, this default judgment should be treated as though it had been validly rendered in the federal proceeding.") (footnotes omitted); cf. also Resolution Trust Corp. v. Bayside Developers, 43 F.3d 1230, 1238 (9th Cir. 1994) ("[I]mmediately after removal the district court would adopt the state court judgment as its own.") (alteration in original).[9]

---

[8] (...continued)
Plaintiff's Notice, the Court finds that, in essence, Plaintiff is seeking review of the state court's consent judgment by way of removal. The Rooker-Feldman doctrine precludes such review.").

[9] As the Court has previously indicated, it is aware that the type of removal involved in Resolution Trust is distinct from removal under 28 U.S.C. § 1441. The Court nonetheless finds Resolution Trust instructive, both as to how a district court might handle a case that was removed, without a timely objection, after summary judgment had already been granted in a state-court case; and as to whether the Rooker-Feldman doctrine would apply
(continued...)

In any event, as will be discussed in the following section, the Court is going to remand the case because the removal was untimely and because of the forum defendant rule, and, in the alternative, will remand the case based on Rooker-Feldman given the uncertainty whether the Rooker-Feldman doctrine applies to removal cases such as this one.

**B.      Removability**

The Court now turns to other grounds asserted in the Olson Trust's motions.  The Court must first evaluate whether Olson's objections to removal are timely.

### 1.      The Thirty-Day Deadline for Objecting to Removal

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."  28 U.S.C. § 1447(c).  In this case, the notice of removal was filed on June 20, 2011.  (ECF No. 1.)  The Olson Trust filed no objection to the removal until it filed its "Motion to Dismiss for Improvident Removal" on September 20, 2011, well after the thirty-day deadline had passed.  (ECF No. 18.)  The Olson Trust raised objections on additional grounds in its "Amended Motion to Dismiss for Improvident Removal," filed on October 11, 2011.  (ECF No. 34.)

--------

[9/] (...continued)
to such a case.

The thirty-day deadline is not absolute. For example, if defendants fail to provide notice of the removal to the adverse parties as required under 28 U.S.C. § 1446(d), that failure tolls the deadline for objecting to defects in the removal. See, e.g., Byfield v. Niaz, No. 00 Civ. 6572(AGS)(FM), 2001 WL 25705 (S.D.N.Y. Jan. 10, 2001) (tolling the § 1447(c) deadline because of the removing party's failure to provide notice); Doyle v. Staples, No. 99-CV-6062(JG), 2000 WL 194685 (E.D.N.Y. Feb. 18, 2000) ("It would be patently unfair for a defendant to challenge as untimely a motion to remand, whose untimeliness was directly attributable to the defendant's failure to provide plaintiff with statutorily required notice of removal."); see also United States v. Locke, 471 U.S. 84, 94 n.10 (1985) ("Statutory filing deadlines are generally subject to the defenses of waiver, estoppel, and equitable tolling.").

According to the certificate of service filed attached to it, the notice of removal was not served on the Olson Trust. (ECF No. 1 at 3 (indicating that the notice of removal was mailed to the state court, and filed in the federal court, but not indicating that it was provided to Plaintiffs).) This deficiency was noted by Magistrate Judge Puglisi in an order issued on September 19, 2011. (ECF No. 16.)[10] Defendants have nonetheless

---

[10] As defendants note, Judge Puglisi's order gave them an opportunity to correctly effect service of the notice on the
(continued...)

argued that they were "diligent in serving [the Olson Trust],"
and that they did so twice on August 8, 2011, and then again on
August 22, 2011, and September 1, 2011.[11/] ("Motion of Memorandum
to Support Motion Order Setting Hearing Date" at 3, ECF No. 35.)

On August 8, Han Phua filed a document in this Court
styled "Defendant Han Kamakani Phua's Submission of Copies of
Process, Pleadings and Orders in Related Cases 3RC11-1-195K and
3RC1-1-131K." (ECF No. 11.) Phua has filed a Declaration
indicating that he sent a copy of that filing to the Olson Trust
via certified mail. (ECF No. 15.) Attached to the declaration
was a signed receipt for a piece of certified mail delivered to
the Olson Trust's attorneys on August 8. (Id. Ex. A.) The
documents filed in the August 8 submission to the Court include
nearly seven hundred pages, but none of those documents was a
copy of the Notice of Removal.[12/]

---

[10/] (...continued)
plaintiffs within thirty days of that order. (ECF No. 16.)

[11/] The latter two dates are less than thirty days before
September 20, the date that the Olson Trust filed its initial
motion. So if the thirty-day period began running on one of
those dates, the Olson Trust's initial motion was timely.

[12/] According to the certificate of service, Defendants
served only the two-page document titled "Submission of Copies of
Process, Pleadings and Orders in Related Cases 3RC11-1-195K and
3RC1-1-131K" on the Olson Trust. The certificate of service
states that "the process, pleadings and Orders were not served as
[the] attorneys have them in their files."

The Olson Trust's attorneys claim that they can find no record of the August 8, 2011, filing having been served upon them, and that they cannot find their copy of the filing. But they have acknowledged that the signature on the certified mail receipt is genuine. The Court cannot be absolutely sure of what mailing was associated with that receipt, but there is no evidence to contradict Phua's declaration that it was the same document that was filed in this Court on August 8, 2011. The Court must assume, for purposes of this Order, that the Olson Trust's attorneys received the two-page document titled "Submission of Copies of Process, Pleadings and Orders in Related Cases 3RC11-1-195K and 3RC1-1-131K."

The question before the Court, then, is whether that document provided adequate notice of the removal to the Olson Trust. If so, then as of August 8, 2011, equitable tolling no longer applied, and the thirty-day period under § 1447(c) began running. And if the thirty-day period began running on August 8, 2011, then the nonjurisdictional objections to removal raised in the Motion to Dismiss filed on September 20, 2011, were untimely (as were the nonjurisdictional objections raised in the Amended Motion to Dismiss filed on October 11, 2011).

Four things about the document could possibly have put the Olson Trust on notice that a notice of removal had been filed in this Court. First, the caption provided a case name of "Heirs

of Timoteo Keawe, Plaintiff, vs. Edmund C. Olson Trust II, et al." That case name was different than the names of the other pending cases involving Defendants and the Olson Trust. Second, the case number on the document was "Civil No. 11-00396 ACK-RLP," a number that was likewise different than the numbers of the other pending cases. Third, in the first paragraph, the filing refers to "Han Kamakani Phua, who filed, as Plaintiff, a notice to federal court for removal of this case." And fourth, in the second paragraph, the filing states that "Removal is allowed by way of Title 28 U.S.C. Section 1441 and Subsection 1446 of this title in regard to 3RC11-1-195K [and] 3RC1-1-131K."

On the other hand, there are reasons to determine that the two-page "Submission of Copies of Process, Pleadings and Orders in Related Cases 3RC11-1-195K and 3RC1-1-131K" was not sufficient to satisfy Defendants' obligation to "[p]romptly after the filing of [a] notice of removal . . . give written notice thereof to all adverse parties." 28 U.S.C. § 1446(d). Foremost, the notice of removal itself was not attached to the submission, as stated in both the certificate of service attached to the submission and in Phua's declaration.

Second, as discussed above, Magistrate Judge Puglisi found on September 19, 2011, that "[i]t does not appear that [the] Ed Olson Trust was served," and ordered Defendants to serve

a copy of the notice of removal within thirty days.[13/] Defendants
did not actually serve a copy of the notice of removal on the
Olson Trust, as far as the Court can discern, until October 15,
2011. (See "Motion in Response to Deficiency Notice and Order
Regarding Service to Defendants," ECF No. 42.)

Third, the first document attached to the August 8,
2011, filing in this Court was the notice of appeal filed in the
state court.  At the very least, the pendency of an ongoing
state-court appeal alongside the pendency of an ongoing removal
action in the same case tends to create confusion.  And that
confusion could not have been alleviated by examining the state-
court dockets.  To this day, it does not appear that a copy of
the notice of removal has ever been filed in any state court,
despite the certificate of service attached to the notice of
removal.

Finally, the notice of removal was filed so late—after
summary judgment had already been granted and a notice of appeal
already filed—that there would have been little reason for the
Olson Trust to expect that Defendants would attempt to remove the
case.

_____

[13/] Judge Puglisi issued the order pursuant to 28 U.S.C.
§ 1447(a), which authorizes a district court to "issue all
necessary orders and process to bring before it all proper
parties whether served by process issued by the State court or
otherwise."

In sum, the Court finds that the two-page "Submission of Copies of Process, Pleadings and Orders in Related Cases 3RC11-1-195K and 3RC1-1-131K" was not sufficient to make the thirty-day deadline begin running.

The Court now turns to the other dates on which Defendants assert that they notified the Olson Trust of the removal. First, Abel Lui filed his own collection of documents on August 25, 2011, which the Court presumes is what Defendants mean when they refer to an attempt to serve the Olson Trust on August 22. (ECF No. 14.) This filing also is insufficient to make the thirty-day period begin to run, for the same reasons that the Phua filing was insufficient.

Second, as far as the Court can discern, Defendants have not substantiated their claim of having served the Olson Trust with anything on September 1, 2011. But as mentioned above, the Olson Trust's initial motion was timely even if the thirty-day period for filing objections began running on September 1.

The Olson Trust has acknowledged becoming aware of this action "when it received a letter from Han, dated September 13, 2011, informing [it] about a Rule 16 Scheduling Conference scheduled for September 26, 2011." (ECF No. 18-1 at 1 n.1). The Court therefore finds that the thirty-day deadline under 28 U.S.C. § 1447(c) was equitably tolled until at least September

-21-

13, 2011.  See Byfield, 2001 WL 25705, at *2; Doyle, 2000 WL

194685, at *2.  As that date was within thirty days of the

filings of both the Motion to Dismiss and the Amended Motion to

Dismiss, the Court need not determine for purposes of this order

whether the § 1447(c) deadline should be tolled beyond that date,

such as until Defendants finally effected service of the notice

of removal.  Given the tolling of the deadline, the objections

raised in the Olson Trusts two motions are timely.

### 2.        Grounds for Removal

The argument raised in the Olson Trust's original

motion to dismiss was that the notice of removal was untimely

under 28 U.S.C. § 1446(b), which provides:

> The notice of removal of a civil action or
> proceeding shall be filed within thirty days
> after the receipt by the defendant, through
> service or otherwise, of a copy of the
> initial pleading setting forth the claim for
> relief upon which such action or proceeding
> is based, or within thirty days after the
> service of summons upon the defendant if such
> initial pleading has then been filed in court
> and is not required to be served on the
> defendant, whichever period is shorter.

Id.  The complaint in the Olson Trust ejectment case was served

on Abel Lui on March 22, 2011.  (Olson Am. Mot. Ex. 6.)  The

notice of removal was not filed until June 20, 2011.  (ECF No.

1.) The notice of removal was filed months too late, and removal was therefore untimely.[14/]

In its amended motion, the Olson Trust added an additional argument, which also prevails.  Not all diversity cases are removable:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.  Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b).  This statute is known as the "forum defendant rule," and "is a procedural, or non-jurisdictional, rule."  <u>Lively v. Wild Oats Market, Inc.</u>, 456 F.3d 933, 939 (9th Cir. 2006).  The Court has determined that the Olson Trust's objection on the basis of this rule is timely, and as Defendants are citizens of Hawaiʻi, the forum defendant rule precludes them from removing the case to this court.

In sum, for at least the preceding reasons of untimely removal and violation of the forum defendant rule, as well as, in

---

[14/] Phua was identified as a defendant on May 13, 2011. (Olson Am. Mot. Ex. 10.)  But even assuming that he did not received a copy of the complaint, by pleading or otherwise, until that date, the notice of removal was still untimely on June 20.

the alternative, based on the <u>Rooker-Feldman</u> doctrine, the Olson

Trust action will also be REMANDED to the state court.[15/]

**C.**          **Attorneys' Fees**

According to 28 U.S.C. § 1447(c), "[a]n order remanding

the case may require payment of just costs and any actual

expenses, including attorney fees, incurred as a result of the

removal." The Olson Trust has requested that the make an award

under that section because "[r]emoval in this case was clearly

improper." (Am. Mot. Mem. at 20.) The County has not requested

any award under this section. The Olson Trust's motion for

sanctions addresses only attorneys fees, and does not describe

any costs or expenses that were incurred.

The Supreme Court has held that "[a]bsent unusual

circumstances, courts may award attorney's fees under § 1447(c)

<u>only</u> where the removing party lacked an objectively reasonable

basis for seeking removal." <u>Martin v. Franklin Capital Corp.</u>,

546 U.S. 132, 141 (2005) (emphasis added). Particularly in light

of their status as <u>pro se</u> litigants, the Court cannot conclude

that Defendants lacked an objectively reasonable basis for

seeking removal.

As the Supreme Court recognized, "there is no reason to

suppose Congress meant to confer a right to remove, while at the

---

[15/] In view of the foregoing ruling, the Court need not
address the Olson Trust's argument concerning whether all
defendants consented to removal.

-24-

same time discouraging its exercise in all but obvious cases."
Id. at 140. The remand of this case depends on the procedural
complications involved in effecting removal, along with esoteric
topics such as the well-pleaded complaint rule and the forum
defendant rule, as well as the unclear contours of the Rooker-
Feldman doctrine. These are not "obvious" problems. Moreover,
"the Ninth Circuit has cautioned that 'removal is not objectively
unreasonable solely because the removing party's arguments lack
merit, or else attorney's fees would always be awarded whenever
remand is granted.'" Landeron, 2011 WL 2038625, at *3 (quoting
Lussier v. Dollar Tree Stores, Inc., 518 F.3d 1062, 1065 (9th
Cir. 2008)). It appears to the Court that Defendants, rather
than seeking to "prolong[] litigation and impos[e] costs on the
opposing party," were making a good-faith attempt to exercise the
"right to remove as a general matter." Martin, 546 U.S. at 140.

In sum, because no party has requested costs, and
because the Court does not find that Defendants lacked an
objectively reasonable basis for seeking removal such that an
award of fees would be justified, the Olson Trust's motion for
sanctions is DENIED.

### III. CONCLUSION

For the foregoing reasons, to the extent that
Defendants have effected removal in the first place, the Court

REMANDS each of the above-captioned cases to the state court system.

Because the Court is remanding these cases, it issues no ruling on the "(Non)-Hearing Motion for T.R.O. Restraining Order against Ed Olson Trust and Associates" or the "Motion for Preliminary Injunction on Defendants' Defective Title in Execution of Sub-Grant Request to Pass USFWS Funds to Acquire Fee Title." (ECF Nos. 22 and 23.)

The Olson Trust's Motion for Sanctions is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawai'i, November 4, 2011.



_____
Alan C. Kay
Sr. United States District Judge


Olson v. Lui, Civ. No. 11-00396 ACK-RLP; & County of Hawai'i v. Lui, Civ. No. 11-00614 ACK-RLP: Order Remanding Cases